LAWRENCE G. BROWN
Acting United States Attorney
DEANNA L. MARTINEZ
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:09-CV-00114-LJO-GSA |
| Plaintiff, | |
| v. | **FINAL JUDGMENT OF FORFEITURE** |
| 6,650 MEXICAN PESOS WITH A U.S. DOLLAR VALUE OF APPROXIMATELY $606.21, and | |
| 2005 HONDA CIVIC HYBRID, VIN: JHMES96685S009667, LICENSE: 5NJS481, | |
| Defendants. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture filed herein, the Court finds:

1.      This is a civil forfeiture action against defendants 6,650 Mexican Pesos with a U.S. dollar value of approximately $606.21 (hereafter "defendant currency") and 2005 Honda Civic Hybrid, VIN: JHMES96685S009667, License: 5NJS481 (hereafter "defendant vehicle").

2.      A Verified Complaint for Forfeiture *In Rem* was filed on January 20, 2009, seeking the forfeiture of the defendant currency and defendant vehicle, alleging the defendant currency and defendant vehicle are subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because the defendant currency and defendant vehicle constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed

chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq* and that the defendant vehicle constitutes a conveyance used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. § 841 *et seq*, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

3. On January 21, 2009, in accordance with the Complaint, a Warrant for Arrest of Articles *In Rem* for the defendant currency and defendant vehicle was issued and duly executed on the defendant currency on February 3, 2009, and on the defendant vehicle on February 4, 2009.

4. Beginning on February 22, 2009, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on March 24, 2009.

5. In addition to the Public Notice of Arrest, notice was served upon Mario Alberto Moreno and Angel Moreno. Claimants Mario Alberto Moreno and Angel Moreno filed a claim and answer in this action. No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.

Based on the above findings, and the files and records of the Court, it is hereby

ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

2. Judgment is hereby entered against Mario Alberto Moreno, Angel Moreno, and all other potential claimants who have not filed claims in this action.

3. Upon entry of a Final Judgment of Forfeiture, the defendant 6,650 Mexican Pesos with a U.S. dollar value of approximately $606.21, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

4. Claimant Angel Moreno agrees to pay to the United States the sum of $6,500.00 as a substitute *res* in lieu of the defendant vehicle within forty-five (45) days from the date of signing this Stipulation for Final Judgment of Forfeiture. Claimant shall send a cashier's check in the

amount of $6,500.00 made payable to the U.S. Marshals Service. The cashier's check shall be mailed to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 2500 Tulare Street, Suite 4401, Fresno, California 93721. Said $6,500.00 shall be substituted as the *res* herein, and shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6), to be disposed of according to law. With said payment, Claimant Angel Moreno shall provide evidence that title to the defendant vehicle has been transferred to Claimant Angel Moreno. Upon payment of the sub *res* and proof of title change, the United States agrees to forego any further action against the defendant vehicle based on the facts alleged in the Complaint. Upon payment of the sub *res* and proof of title change, the United States will release the defendant vehicle to Claimant Angel Moreno through his attorney John F. Garland, 1713 Tulare Street, Suite 221, Fresno, California 93721 and provide proof of the title change.

5. If Claimant Angel Moreno fails to pay $6,500.00 as the sub *res* herein to the United States within forty-five (45) days from the date of signing this Stipulation for Final Judgment of Forfeiture, as provided in paragraph 4 above, the parties stipulate to the following:

 a. All right, title, and interest in the defendant vehicle shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(4) and (a)(6) to be disposed of according to law.

6. Claimants Mario Alberto Moreno and Angel Moreno hereby acknowledge that they are the sole owners of the defendant currency and defendant vehicle and that no other person or entity has any legitimate claim of interest therein.

7. Plaintiff United States of America and its servants, agents, and employees, and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, seizure, or forfeiture of the defendant currency and defendant vehicle, or the forfeiture of the $6,500.00 sub *res*. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, seizure, or forfeiture, as well as to those now known or disclosed. The parties to this stipulation agree to waive the provisions of California Civil Code § 1542.

8. Until Claimant has paid the $6,500.00 sub *res*, Claimant Angel Moreno shall maintain any and all loan payments, if any, and insurance policies currently in effect with respect to the

defendant vehicle, including policies covering liability to persons injured by said vehicle and for property damage to the defendant vehicle.

9.     Until Claimant has paid the $6,500.00 sub *res* in full, Claimant Angel Moreno shall not convey, transfer, encumber, lien, or otherwise pledge the defendant vehicle without the prior written approval of the United States.

10.     Claimants Mario Alberto Moreno and Angel Moreno stipulate that there was reasonable cause for the seizure and arrest of the defendant currency and defendant vehicle, and that the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

11.     Pending payment of the $6,500.00 sub *res* or forfeiture of the defendant vehicle, the Court shall maintain jurisdiction to enforce the terms of the Final Judgment of Forfeiture

12.     All parties will bear their own costs and attorneys' fees.

SO ORDERED THIS __ day of _____, 2009.

_____
LAWRENCE J. O'NEILL
United States District Judge

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint for Forfeiture *In Rem* filed January 20, 2009, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure and arrest of the defendant currency and defendant vehicle.

IT IS SO ORDERED.

**Dated:    April 28, 2009**                     _____**/s/ Lawrence J. O'Neill**_____
                                                    UNITED STATES DISTRICT JUDGE